PER CURIAM,
Petitioner, the Office of Disciplinary Counsel (hereinafter, (“ODC”) by Paul J. Killion, Chief Disciplinary Counsel, and Bruce H. Bikin, Disciplinary Counsel, and Respondent, Herbert P. Henderson, II (hereinafter, “respondent”), respectfully petition the disciplinary board in support of discipline on consent, pursuant to Pennsylvania Rule of Disciplinary Enforcement (“Pa.R.D.E.”) 215(d), and in support thereof state:
1. ODC, whose principal office is situated at the Pennsylvania Judicial Center, Suite 2700, 601 Commonwealth Avenue, P.O. Box 62485, Harrisburg, Pennsylvania, is invested, pursuant to Pa.R.D.E. 207, with the power and duty to investigate all matters involving alleged misconduct of an attorney admitted to practice law in the Commonwealth of Pennsylvania and to prosecute all disciplinary proceedings brought in accordance with the various provisions of the aforesaid Enforcement Rules.
2. Respondent, Herbert P. Henderson, II, was bom on April 23, 1964, and was admitted to practice law in the Commonwealth on November 20, 1989. Respondent is currently suspended and is residing in the Commonwealth *124 of Pennsylvania, respondent is subject to the disciplinary jurisdiction of the Disciplinary Board of the Supreme Court.
3. Respondent’s affidavit stating, inter alia, he consents to the recommended discipline is attached hereto as Exhibit A.
SPECIFIC FACTUAL ALLEGATIONS ADMITTED
4. On October 12,2011, respondent pled guilty and was convicted of conspiracy to conceal property in bankruptcy and to commit bankruptcy fraud in violation of 18 U.S.C. § 371; concealing property in bankruptcy in violation of 18 U.S.C. § 152(1), acting as an agent concealing property in bankruptcy in violation of 18 U.S.C. § 152(7), and embezzlement against bankruptcy estate in violation of 18 U.S.C. § 153.
5. Respondent further agreed not to contest forfeiture as set forth in the notice of forfeiture charging criminal forfeiture under 18 U.S.C. § 981(a)(1)(C).
6. Each violation is a felony punishable by up to five (5) years in prison, a three (3) year period of supervised release, a $250,000 fine and a $100 special assessment.
7. Respondent was sentenced on November 13, 2012 to six months in prison, three years of probation and a fine of $1,000.00. Respondent was apparently paroled on July 1, 2013 and is under the supervision of the Philadelphia Regional Reentry Office of the Federal Bureau of Prisons.
8. Respondent was administratively suspended, effective October 20, 2011, due to his failure to comply with the requirements of Pa. R. D. E. 219. He was never reinstated.
*125 9. Respondent was placed on emergency temporary suspension by Supreme Court Order dated August 9,2012.
10. Respondent has no other record of discipline.
11. Respondent reported this matter promptly. Further, he has fully cooperated with both the criminal authorities and the Office of Disciplinary Counsel.
12. By way of further mitigation, respondent assisted the United States Attorney in the investigation and prosecution of Kenneth G. Reidenbach, II, for similar criminal actions. Mr. Reidenbach was respondent’s employer at the time of the criminal actions. With the assistance of respondent’s extensive cooperation, Mr. Reidenbach was convicted of nine (9) counts of conspiracy to conceal property in bankruptcy and to commit bankruptcy fraud in. violation of 18 U.S.C. § 371, concealing property in bankruptcy in violation of 18 U.S.C. § 152(1), false declaration certification or verification in bankruptcy in violation of 18 U.S.C. § 152(2), acting as an agent concealing property in bankruptcy in violation of 18 U.S.C. § 152(7), embezzlement against bankruptcy estate in violation of 18 U.S.C. § 153, bankruptcy fraud in violation of 18 U.S.C. § 157 and aiding and abetting in violation of 18 U.S.C. § 2.
SPECIFIC RULES OF PROFESSIONAL CONDUCT AND RULES OF DISCIPLINARY ENFORCEMENT VIOLATED
13. By his conduct alleged in paragraphs 4 through 11, respondent violated the following Rules of Professional Conduct and the Rules of Disciplinary Enforcement:
(a) RPC 3.4(a) which provides a lawyer shall not unlawfully obstruct another party’s access to evidence or unlawfully alter, destroy or conceal a document or *126 other material having potential evidentiary value or assist another person to do any such act;
(b) RPC 3.4(b) which provides a lawyer shall not falsify evidence;
(c) RPC 4.1 (a) which states a lawyer shall not knowingly make a false statement of material fact or law to a third person;
(d) RPC 8.4(a) which states that it is misconduct for a lawyer to violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so;
(e) RPC 8.4(b) which states that it is misconduct to commit a criminal act that reflects adversely on the lawyer’s honesty, trustworthiness or fitness as a lawyer;
(f) RPC 8.4(c) which states that it is misconduct to engage in conduct involving dishonesty, fraud, deceit or misrepresentation;
(g) RPC 8.4(d) which states that it is misconduct to engage in conduct prejudicial to the administration of justice; and,
(h) Pa.R.D.E. 203(b)(1), which states that conviction of a crime is grounds for discipline.
SPECIFIC RECOMMENDATION FOR DISCIPLINE OF HERBERT P. HENDERSON. II
The significant facts supporting the recommended consent discipline for respondent are as follows:
Respondent pled guilty to:
*127 (a) knowingly and fraudulently concealing property belonging to the estate of a debtor and making false oaths, declarations and certifications to the Bankruptcy Court and knowingly devising a scheme to defraud in relation to a bankruptcy proceeding;
(b) knowingly and fraudulently concealing, and aiding, abetting, counseling, inducing and willfully causing, the concealment of property belonging to the estate of a debtor from creditors, the Bankruptcy Court and the US Trustee;
(c) knowingly and fraudulently transferring, concealing and aiding & abetting the transfer and concealment of property belonging to the estate of a debtor from creditors, the Bankruptcy Court and the US Trustee, with the intent to defeat the provisions of Title 11 of the Bankruptcy Code; and,
(d) acting as an attorney and officer of the court, who had access to property and documents of a debtor under Chapter 11 US Code, participating in the administration of the estate and performing a service with respect to the estate, knowingly and fraudulently appropriating to their own use and transferring, and aiding and abetting the appropriation and transfer, of property belonging to the bankrupt estate.
The total amount involved in these fraudulent actions involved $30,100.
For these actions respondent received a prison term from which he was paroled on July 1, 2013. He remains under the supervision of the Federal Bureau of Prisons’ Philadelphia Re-Entry Office.
*128 Respondent’s license to practice law in Pennsylvania was administratively suspended by order of the Supreme Court dated September 20, 2011, effective October 20, 2011. On August 9, 2012, respondent was placed on emergency temporary suspension. His license remains suspended and he has not sought reinstatement to date.
Respondent has fully cooperated with both the criminal authorities and the Office of Disciplinary Counsel. He assisted the criminal authorities in the prosecution of Kenneth G. Reidenbach, Esquire, who contested his guilt through trial, conviction and the filing of an appeal. (The appeal was later withdrawn.) Reidenbach was sentenced to 33 months in federal prison.
In cases bearing some similarity to respondent’s, the discipline imposed has varied between disbarment and suspension for five (5) years, depending on several criteria such as the amount of money involved, the number of charges on the conviction and whether or not the respondent cooperated with the criminal prosecution and the disciplinary enforcement. “The recommended discipline is a reflection of the facts and circumstances unique to the case, including any circumstances that are aggravating or mitigating.” Office of Disciplinary Counsel v. Eilberg, 441 A.2d 1193, 1195 (Pa. 1982).
For example, In Office of Disciplinary Counsel v. Greene, 169 DB 2007, (Pa. 2009), respondent was convicted in the United States District Court for Maryland, of criminal conspiracy to commit mail and bank fraud. Respondent was sentenced to one year of incarceration, three years of supervised release, and the payment of court costs and restitution. Respondent’s criminal conduct involved his engaging in multiple fraudulent acts, along with several others, to defraud mortgage lenders.
*129 In their opinion and recommendation to the Supreme Court, the Disciplinary Board wrote “Respondent’s criminal conduct is an egregious affront to those who relied upon him in a fiduciary capacity. Such misconduct, and other similar crimes, have led to lengthy suspensions or disbarment. The common thread in these matters is the extreme disfavor with which the Supreme Court views criminal acts involving fraud, and dishonesty, from which the public deserves to be protected.” Office of Disciplinary Counsel v. Costigan, 584 A.2d 296 (Pa. 1990) (Disbarment); Office of Disciplinary Counsel v. Chung, 695 A.2d 405 (Pa. 1997) (Five year suspension); Office of Disciplinary Counsel v. Shapiro, 22 Pa.D. & C. 4th 261 (1994) (Five year suspension). “Disbarment has been reserved for the most egregious cases, with each case being considered individually and on the totality of the facts.” Office of Disciplinary Counsel v. Greene, supra. Respondent Greene was disbarred.
In Office of Disciplinary Counsel v. Radbill, 113 DB 2004, (Pa., 2006), respondent pled guilty in federal court to one count of Health Care Fraud, in violation of 18 U.S.C. §1347, and one count of fraud and false statements in connection with a federal tax return, in violation of 26 U.S.C. §7206(1), based on a criminal investigation showing that respondent engaged in a six-year history of fraud in representing twenty-nine clients in personal injury cases and a four-year history of fraud in the filing of his federal tax returns. Twenty insurance carriers were defrauded in the twenty-nine fraudulent personal injury cases; those carriers incurred a total loss of $261,447.16. Respondent’s under-reporting of his income and his falsifying and exaggerating his business expenses resulted in the United States government incurring a total tax loss of $235,788. Respondent admitted at the disciplinary *130 hearing that over the course of thirty years he had used “runners” and represented clients who he knew were “not really injured.”
The Disciplinary Board found that Radbill failed to exhibit genuine remorse for his misconduct and that he had failed to make restitution payments since his release from prison. Respondent Radbill was disbarred.
In Office of Disciplinary Counsel v. Chung, 695 A.2d 405 (Pa. 1997), the respondent pled guilty to five counts of making false statements to a federally insured financial institution. The federal district court sentenced respondent to concurrent sentences of twelve months and one day for each count and ordered respondent to pay restitution in the amount of$ 106,000.00 and a fine and assessment totaling $10,250.00.
In discussing the discipline to be imposed, Justice Newman, writing for the court, and citing Office of Disciplinary Counsel v. Lucarini, 504 Pa. 271, 472 A.2 186 (1983) said “While this court certainly does not condone acts of dishonesty, we have declined to adopt a per se rule requiring disbarment for specific acts of misconduct.” Office of Disciplinary Counsel v. Chung, at p. 407. Evidence of mitigation was offered by respondent that included his standing in the community and his remorse. “Considering the totality of the facts, ...we disagree with the board’s recommendation of disbarment. Based upon our independent balancing of the nature of the conviction and the mitigating evidence presented, we imposed a five year suspension retroactive to August 24, 1994.” Office of Disciplinary Counsel v. Chung at p. 408.
In Office of Disciplinary Counsel v. Shapiro, 22 Pa. *131 D & C, 4th 261 (1994), respondent entered a guilty plea in federal district court to multiple counts of mail fraud, wire fraud and willful failure to file tax returns along with single counts of transferring and concealing property of a bankruptcy estate and willful failure to pay taxes.
Respondent Shapiro presented evidence in the form of Braun mitigation from a psychiatrist indicating respondent had a personality disorder that led him to engage in the above recited federal crimes. The court adopted the board’s recommendation of a five year suspension retroactive to July 25, 1989.
Thus, precedent establishes that disbarment is appropriate discipline in matters involving fraud perpetrated on the court in legal proceedings. This is because the “extreme disfavor with which the Supreme Court views criminal acts involving fraud and dishonesty, from which the public deserves to be protected,” Costigan, supra.
However, while respondent’s criminal acts herein could well serve to support his disbarment, his cooperation with the criminal prosecutors and his cooperation with the disciplinary authorities, should be considered sufficient mitigation to permit a step-down from disbarment to a five year suspension. Further, imposition of the five year suspension retroactive to the date of his emergency temporary suspension, August 9, 2012, is appropriate.
WHEREFORE, Joint Petitioners respectfully pray that your Honorable Board:
a. Approve this petition; and
b. File a recommendation for a five year suspension, retroactive to August 9,2012, the date of his placement *132 on Emergency Temporary Suspension, and this petition with the Supreme Court of Pennsylvania.
VERIFICATION
The statements contained in the foregoing joint petition in support of discipline on consent pursuant to P.A.R.D.E. 215(d) are true and correct to the best of my knowledge or information and belief and are made subject to the penalties of 18 Pa.C.S.A. §4904, relating to unsworn falsification to authorities.
AFFIDAVIT UNDER RULE 215(d) Pa.R.D.E.
Respondent, Herbert P. Henderson, II., being duly sworn according to law, deposes and hereby submit’s this affidavit consenting to the recommendation of a five (5) year suspension from the practice of law in the Commonwealth of Pennsylvania, in conformity with Pa.R.D.E.215(d) and further states that:
1. He is an attorney admitted in the Commonwealth of Pennsylvania, having been admitted to the bar on or about November 20, 1989.
2. He desires to submit a joint petition in support of discipline on consent pursuant to Pa. R.D.E. 215(d).;
3. His consent is freely and voluntarily rendered; he is not being subjected to coercion or duress, and he is fully aware of the implications of submitting this affidavit.
4. He is aware that there is currently pending a proceeding into allegations that he has been guilty of misconduct as set forth in the joint petition in support of discipline on consent of which this affidavit is attached hereto.
*133 5. He acknowledges that the material facts set forth in the joint petition are true.
6. He submits the within affidavit because he knows that if charges predicated upon the matter under investigation were filed, or continued to be prosecuted in the pending proceeding, he could not successfully defend against them.
7. He acknowledges that he is fully aware of his right to consult and employ counsel to represent him in the instant proceeding. He has not retained counsel and has acted pro se in connection with his decision to execute the within joint petition, due to finances.
8. It is understood that the statements made herein are subject to the penalties of 18 Pa. C.S.A. § 4904 (relating to unsworn falsification to authorities).
Signed this 18th day of November 2014.
ORDER
And now, this 12th day of February, 2015, upon consideration of the recommendation of the three-member panel of the Disciplinary Board dated January 22, 2015, the joint petition in support of discipline on consent is granted pursuant to Pa.R.D.E. 215(g), and it is
Ordered that Herbert P. Henderson, II, is suspended on consent from the Bar of this Commonwealth for a period of five years retroactive to August 9, 2012, and he shall comply with all the provisions of Pa.R.D.E. 217.